IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**WASIK TANEEM,**

    **Plaintiff,**

    v.                                              CASE NO. 24-3187-JWL

**STATE OF KANSAS,**

    **Defendant.**

### MEMORANDUM AND ORDER TO SHOW CAUSE

Plaintiff Wasik Taneem is hereby required to show good cause, in writing to the undersigned, why this action should not be dismissed due to the deficiencies in Plaintiff's Complaint that are discussed herein.

### I. Nature of the Matter before the Court

Plaintiff brings this pro se civil rights action under 42 U.S.C. § 1983. Plaintiff is in custody at the Sedgwick County Adult Detention Facility in Wichita, Kansas. The Court granted Plaintiff leave to proceed in forma pauperis.

Plaintiff alleges that he was charged with rape in two cases—Case Nos. SG-2024-CR-000491 and SG-2024-CR-002016. (Doc. 1, at 2.) His bond was set at $2 million and $2.5 million, respectively. *Id*. Plaintiff is also prohibited from communicating with anyone other than his attorney regarding the cases due to him violating a no-contact order by calling his girlfriend, who is the State's witness for one of the cases. *Id*.

Plaintiff was also charged with three separate misdemeanors for violating the no-contact order and a felony prostitution case. *Id*. at 2–3. The case numbers and bond amounts for those cases are as follows: 1) SG-2024-CR-000533, misdemeanor with $50,000 bond; 2) SG-2024-

1

CR-000613, misdemeanor with $100,000 bond; 3) SG-2024-CR-000698, misdemeanor with $50,000 bond; and 4) SG-2024-CR-000577, felony with $50,000 bond. *Id*. at 3. Plaintiff alleges that the state court indicated his bond was set high due to him being a flight risk as a noncitizen, due to the severity of the charges against him, and based on the amount of prison time he is facing. *Id*. at 3–4.

Plaintiff alleges that he has been subjected to excessive bail in violation of the Eighth and Fourteenth Amendments. *Id*. Plaintiff also alleges a violation of his Sixth Amendment right to "counsel of choice." *Id*. at 3. Plaintiff acknowledges that he "has retained his own attorney" but claims he wants to retain another attorney for his criminal case or counsel to advise him on civil matters. *Id*. at 5–6. Plaintiff alleges that his girlfriend is his power of attorney but the no-contact order prohibits him from instructing her. *Id*. at 6.

Plaintiff alleges that the state court denied his motions for bond modification and his motion to lift the communication restriction. *Id*. at 9. Plaintiff names the State of Kansas as the sole defendant and seeks compensatory damages for lost wages. *Id*. Plaintiff also asks this Court to reduce the bond in his state court criminal case to $150,000 total for all of his cases and to lift the communication restrictions. *Id*.

## II. Statutory Screening of Prisoner Complaints

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1)–(2).

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins,* 487 U.S. 42, 48 (1988) (citations omitted); *Northington v. Jackson*, 973 F.2d 1518, 1523 (10th Cir. 1992). A court liberally construes a pro se complaint and applies "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In addition, the court accepts all well-pleaded allegations in the complaint as true. *Anderson v. Blake*, 469 F.3d 910, 913 (10th Cir. 2006). On the other hand, "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief," dismissal is appropriate. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 558 (2007).

A pro se litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555 (citations omitted). The complaint's "factual allegations must be enough to raise a right to relief above the speculative level" and "to state a claim to relief that is plausible on its face." *Id.* at 555, 570.

The Tenth Circuit Court of Appeals has explained "that, to state a claim in federal court, a complaint must explain what each defendant did to [the *pro se* plaintiff]; when the defendant did it; how the defendant's action harmed [the plaintiff]; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007). The court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New*

*Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (citation omitted).

The Tenth Circuit has pointed out that the Supreme Court's decisions in *Twombly* and *Erickson* gave rise to a new standard of review for § 1915(e)(2)(B)(ii) dismissals. *See Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007) (citations omitted); *see also Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009). As a result, courts "look to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief." *Kay*, 500 F.3d at 1218 (citation omitted). Under this new standard, "a plaintiff must 'nudge his claims across the line from conceivable to plausible.'" *Smith*, 561 F.3d at 1098 (citation omitted). "Plausible" in this context does not mean "likely to be true," but rather refers "to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent," then the plaintiff has not "nudged [his] claims across the line from conceivable to plausible." *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (citing *Twombly*, 127 S. Ct. at 1974).

## III. DISCUSSION

### 1. Younger Abstention

Plaintiff's claims relate to his state criminal proceedings in Sedgwick County, Kansas. The Court may be prohibited from hearing Plaintiff's claims regarding his state court proceedings under *Younger v. Harris*, 401 U.S. 37, 45 (1971). "The *Younger* doctrine requires a federal court to abstain from hearing a case where . . . (1) state judicial proceedings are ongoing; (2) [that] implicate an important state interest; and (3) the state proceedings offer an adequate opportunity to litigate federal constitutional issues." *Buck v. Myers*, 244 F. App'x 193, 197 (10th Cir. 2007) (unpublished) (citing *Winnebago Tribe of Neb. v. Stovall*, 341 F.3d 1202, 1204 (10th Cir. 2003); *see also Middlesex Cty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432

(1982)). "Once these three conditions are met, *Younger* abstention is non-discretionary and, absent extraordinary circumstances, a district court is required to abstain." *Buck*, 244 F. App'x at 197 (citing *Crown Point I, LLC v. Intermountain Rural Elec. Ass'n*, 319 F.3d 1211, 1215 (10th Cir. 2003)).

Online records show that Plaintiff's criminal proceedings are ongoing. *See State v. Taneem*, Case No. SG-2024-CR-000491 (District Court of Sedgwick County, Kansas) (preliminary hearing scheduled for November 26, 2024, defendant represented by court-appointed counsel Gerard Charles Scott, and retained counsel Nels P. Noel and Kenneth Buford Miller); *State v. Taneem*, Case No. SG-2024-CR-000533 (District Court of Sedgwick County, Kansas) (preliminary hearing scheduled for November 26, 2024, defendant represented by retained counsel Nels P. Noel and Kenneth Buford Miller); *State v. Taneem*, Case No. SG-2024-CR-000577 (District Court of Sedgwick County, Kansas) (preliminary hearing scheduled for November 26, 2024, defendant represented by retained counsel Nels P. Noel and Kenneth Buford Miller); *State v. Taneem*, Case No. SG-2024-CR-000613 (District Court of Sedgwick County, Kansas) (preliminary hearing scheduled for November 26, 2024, defendant represented by retained counsel Nels P. Noel and Kenneth Buford Miller); *State v. Taneem*, Case No. SG-2024-CR-000698 (District Court of Sedgwick County, Kansas) (preliminary hearing scheduled for November 26, 2024, defendant represented by retained counsel Nels P. Noel); and *State v. Taneem*, Case No. SG-2024-CR-002016 (District Court of Sedgwick County, Kansas) (preliminary hearing scheduled for November 26, 2024, defendant represented by public defender Sarah E. Sweet-McKinnon, and retained counsel Marlo Kenna Wilshusen).

Plaintiff's state court criminal proceedings are pending and therefore the first and second conditions for *Younger* abstention would be met because Kansas undoubtedly has an important

interest in enforcing its criminal laws through criminal proceedings in the state's courts. *In re Troff*, 488 F.3d 1237, 1240 (10th Cir. 2007) ("[S]tate control over criminal justice [is] a lynchpin in the unique balance of interests" described as "Our Federalism.") (citing *Younger*, 401 U.S. at 44). Likewise, the third condition would be met because Kansas courts provide Plaintiff with an adequate forum to litigate his constitutional claims by way of pretrial proceedings, trial, and direct appeal after conviction and sentence, as well as post-conviction remedies. *See Capps v. Sullivan*, 13 F.3d 350, 354 n.2 (10th Cir. 1993) ("[F]ederal courts should abstain from the exercise of . . . jurisdiction if the issues raised . . . may be resolved either by trial on the merits in the state court or by other [available] state procedures.") (quotation omitted); *see Robb v. Connolly*, 111 U.S. 624, 637 (1984) (state courts have obligation 'to guard, enforce, and protect every right granted or secured by the constitution of the United States . . . .'"); *Steffel v. Thompson*, 415 U.S. 452, 460–61 (1974) (pendant state proceeding, in all but unusual cases, would provide federal plaintiff with necessary vehicle for vindicating constitutional rights).

To the extent Plaintiff alleges excessive bond in his criminal case, the Court would be prohibited from hearing Plaintiff's claim under *Younger*. Plaintiff's claim of excessive bond is insufficient to trigger any of the *Younger* exceptions, and if his claim is construed as a petition for habeas corpus, Plaintiff fares no better. A prisoner proceeding pretrial under 28 U.S.C. § 2241 must first exhaust available state court remedies. The *Younger* doctrine prevents a court proceeding in habeas from intervening in a pending state court criminal matter unless exceptional circumstances are present.

In *Arter v. Gentry*, the Tenth Circuit upheld a district court decision construing a pretrial detainee's claim of excessive bail as a claim under § 2241 and denying habeas relief for failure to exhaust state court remedies and noting that the *Younger* abstention doctrine, "compels us to

avoid interference in ongoing state proceedings when the state courts provide an adequate forum to present any federal constitutional challenges." *Arter v. Gentry*, 201 F. App'x 653, 653–54 (10th Cir. 2006) (unpublished). And in *Tucker v. Reeve*, a state pretrial detainee challenged his pretrial detention, alleging state officials set excessive bond, denied him a speedy trial, and engaged in illegal searches and seizures. *Tucker v. Reeve*, 601 F. App'x 760 (10th Cir. 2015) (unpublished). The Tenth Circuit upheld the district court's application of the *Younger* abstention doctrine. *Id.* at 760–61.

Plaintiff should show good cause why the Court should not abstain from hearing his claims regarding his state court proceedings in the District Court of Sedgwick County, Kansas.

## 2. State of Kansas

Plaintiff names the State of Kansas as the sole defendant. The State of Kansas and its agencies are absolutely immune from suits for money damages under the Eleventh Amendment. The Eleventh Amendment presents a jurisdictional bar to suits against a state and "arms of the state" unless the state waives its immunity. *Peterson v. Martinez*, 707 F.3d 1197, 1205 (10th Cir. 2013) (quoting *Wagoner Cnty. Rural Water Dist. No. 2 v. Grand River Dam Auth.*, 577 F.3d 1255, 1258 (10th Cir. 2009)). Therefore, in the absence of some consent, a suit in which an agent or department of the state is named as a defendant is "proscribed by the Eleventh Amendment." *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984). It is well established that Congress did not abrogate the states' sovereign immunity when it enacted § 1983. *Quern v. Jordan*, 440 U.S. 332, 338–45 (1979); *Ruiz v. McDonnell*, 299 F.3d 1173, 1181 (10th Cir. 2002). Because Plaintiff has neither made a specific claim against the State of Kansas nor shown any waiver of immunity from suit, he must show good cause why this defendant should not be dismissed from this action.

## V. Response Required

Plaintiff is required to show good cause why Plaintiff's Complaint should not be dismissed for the reasons stated herein. Failure to respond by the Court's deadline may result in dismissal of this case without further notice.

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiff is granted until **December 16, 2024,** in which to show good cause, in writing to the undersigned, why Plaintiff's Complaint should not be dismissed for the reasons stated herein.

**IT IS SO ORDERED**.

**Dated November 15, 2024, in Kansas City, Kansas.**

> S/ John W. Lungstrum
> JOHN W. LUNGSTRUM
> UNITED STATES DISTRICT JUDGE