IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

WASIK TANEEM,

      **Plaintiff,**

      v.                                                                             CASE NO. 24-3187-JWL

STATE OF KANSAS,

      **Defendant.**

## MEMORANDUM AND ORDER

Plaintiff brings this pro se civil rights action under 42 U.S.C. § 1983. Plaintiff is in custody at the Sedgwick County Adult Detention Facility in Wichita, Kansas. The Court granted Plaintiff leave to proceed in forma pauperis. On November 15, 2024, the Court entered a Memorandum and Order to Show Cause (Doc. 6) ("MOSC"), granting Plaintiff until December 16, 2024, in which to show good cause why his Complaint should not be dismissed for the reasons set forth in the MOSC. Plaintiff has failed to respond by the Court's deadline.

Plaintiff's claims relate to his state criminal proceedings in the District Court of Sedgwick County, Kansas. The Court found in the MOSC that the Court may be prohibited from hearing Plaintiff's claims regarding his state court proceedings under *Younger v. Harris*, 401 U.S. 37, 45 (1971), because online records show that his criminal proceedings are ongoing. The Court found that to the extent Plaintiff alleges excessive bond in his criminal case, the Court would be prohibited from hearing Plaintiff's claim under *Younger*. Plaintiff's claim of excessive bond is insufficient to trigger any of the *Younger* exceptions, and if his claim is construed as a petition for habeas corpus, Plaintiff fares no better. A prisoner proceeding pretrial under 28 U.S.C. § 2241 must first exhaust available state court remedies. The *Younger* doctrine prevents a

court proceeding in habeas from intervening in a pending state court criminal matter unless exceptional circumstances are present.

In *Arter v. Gentry*, the Tenth Circuit upheld a district court decision construing a pretrial detainee's claim of excessive bail as a claim under § 2241 and denying habeas relief for failure to exhaust state court remedies and noting that the *Younger* abstention doctrine, "compels us to avoid interference in ongoing state proceedings when the state courts provide an adequate forum to present any federal constitutional challenges." *Arter v. Gentry*, 201 F. App'x 653, 653–54 (10th Cir. 2006) (unpublished). And in *Tucker v. Reeve*, a state pretrial detainee challenged his pretrial detention, alleging state officials set excessive bond, denied him a speedy trial, and engaged in illegal searches and seizures. *Tucker v. Reeve*, 601 F. App'x 760 (10th Cir. 2015) (unpublished). The Tenth Circuit upheld the district court's application of the *Younger* abstention doctrine. *Id.* at 760–61.

The Court ordered Plaintiff to show good cause why the Court should not abstain from hearing his claims regarding his state court proceedings in the District Court of Sedgwick County, Kansas. The Court also found in the MOSC that Plaintiff names the State of Kansas as the sole defendant, and the State of Kansas and its agencies are absolutely immune from suits for money damages under the Eleventh Amendment. Because Plaintiff has neither made a specific claim against the State of Kansas nor shown any waiver of immunity from suit, the Court ordered Plaintiff to show good cause why this defendant should not be dismissed from this action.

The Court ordered Plaintiff to show good cause why his claims should not be dismissed for the reasons set forth in the MOSC. The MOSC provides that "[f]ailure to respond by the Court's deadline may result in dismissal of this case without further notice." (Doc. 6, at 8.)

Plaintiff has failed to respond and has failed to show good cause why this matter should not be dismissed for the reasons set forth in the Court's MOSC.

**IT IS THEREFORE ORDERED BY THE COURT** that this matter is **dismissed without prejudice.**

**IT IS SO ORDERED**.

**Dated December 23, 2024, in Kansas City, Kansas.**

> <u>S/ John W. Lungstrum</u>
> **JOHN W. LUNGSTRUM**
> **UNITED STATES DISTRICT JUDGE**